UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CYNTHIA BATISTA, individually and on behalf of all others similarly situated,

                                   Plaintiff,

            -against-

MADE IN MEXICO UPTOWN CORP, MADE IN MEXICO HARLEM CORP., HENRY BOURDIER, and ISMAEL GARCIA,

                                   Defendants.
------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff Cynthia Batista ("Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, Katz Melinger PLLC, complaining of the defendants, Made in Mexico Uptown Corp ("MIM Uptown"), Made in Mexico Harlem Corp. ("MIM Harlem"), Henry Bourdier, and Ismael Garcia (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1.     This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that this is an action arising under the FLSA.

3.     This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

**II. Parties**

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Defendant MIM Uptown is a domestic corporation with its principal place of business located at 3950 10th Avenue, New York, New York 10034.

9. Defendant MIM Harlem is a domestic corporation with its principal place of business located at 2161 2nd Avenue, New York, New York 10029.

10. MIM Uptown and MIM Harlem (the "Restaurants") are restaurants that serve Mexican food.

11. Defendants Bourdier and Garcia are individuals residing, upon information and belief, in the State of New York.

12. At all relevant times, Bourdier and Garcia were, and still are, officers, directors, shareholders, and/or persons in control of the Restaurants who exercise significant control over the Restaurants' operations and have the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

13. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

14. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

15. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

16. Defendants operate in interstate commerce.

17. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

18. The First and Third Causes of Action in this Complaint, which arise out of the FLSA, are brought by Plaintiff on behalf of herself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

19. The FLSA Collective Plaintiffs consist of no less than seventeen (17) similarly situated current and/or former employees of Defendants who worked as wait staff, and have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages and other pay.

20. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable minimum wage rate for all hours worked, and failing to pay employees the applicable overtime wage rate for all hours worked over forty (40) per week.

21. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

22. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

23. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

24. Plaintiff worked for Defendants as a waitress and cashier from in or around April 2015 until in or around July 2021.

25. As a waitress, Plaintiff's primary job duties included taking customers' orders, communicating customers' orders to the kitchen, serving customers their food and drinks, and clearing and cleaning tables.

26. As a cashier, Plaintiff's primary job duties included taking customers' phone orders, communicating customers' orders to the kitchen, and handing orders to customers and delivery drivers.

27. Throughout her employment, Plaintiff worked primarily at MIM Uptown.

28. During approximately one month in or around October 2018, Plaintiff rotated between working at MIM Uptown and MIM Harlem as assigned by Bourdier or Garcia.

29. From the start of her employment until in or around December 2019, Plaintiff regularly worked as a waitress three (3) to four (4) days per week, as follows: one (1) to two (2)

varying weekdays from approximately 4:00 p.m. until 2:00 a.m., with a daily thirty (30) minute meal break; every Saturday from approximately 4:00 p.m. until 4:00 a.m. with a thirty (30) minute meal break; and every Sunday from approximately 12:00 p.m. until 2:00 a.m. with a thirty (30) minute meal break.

30. During this time period, Plaintiff typically worked one (1) weekday per week during approximately half of the time, and two (2) weekdays per week during the other half of the time.

31. Thus, during this time period, Plaintiff worked for an average total of approximately thirty-nine and one-fourths (39.25) hours per week.

32. From in or around January 2020 until in or around May 2020, the Restaurants were closed due to the COVID-19 pandemic, therefore Plaintiff did not work for Defendants during this time period.

33. In or around June 2020, the Restaurants re-opened for take-out and delivery only. During this time period, Bourdier and Garcia called Plaintiff to return to work.

34. From in or around June 2020 until in or around August 2020, Plaintiff regularly worked as a cashier five (5) to six (6) days per week, as follows: three (3) to four (4) varying weekdays, every Saturday, and every Sunday, from approximately 4:00 p.m. until 12:00 a.m. with a daily thirty (30) minute meal break.

35. During this time period, Plaintiff typically worked three (3) weekdays per week during approximately half of the time, and four (4) weekdays per week during the other half of the time.

36. Thus, during this time period, Plaintiff worked for an average total of approximately forty-one and one-fourths (41.25) hours per week.

5

37. In or around September 2020, the Restaurants re-opened for regular business, offering take-out, delivery, and outdoor in-person dining.

38. From in or around October 2020 until in or around January 2021, Plaintiff regularly worked as a waitress five (5) to six (6) varying days per week, from approximately 2:00 p.m. until 12:00 a.m. with a daily thirty (30) minute meal break.

39. During this time period, Plaintiff typically worked five (5) days per week during approximately half of the time, and six (6) weekdays per week during the other half of the time.

40. Thus, during this time period, Plaintiff worked for an average total of approximately fifty-two and one-fourths (52.25) hours per week.

41. From in or around February 2021 until the end of her employment, Plaintiff regularly worked as a waitress five (5) to six (6) days per week, as follows: three (3) to four (4) varying weekdays from approximately 4:00 p.m. until 2:00 a.m. with a daily thirty (30) minute meal break; every Saturday from approximately 4:00 p.m. until 4:00 a.m. with a thirty (30) minute meal break; and every Sunday from approximately 12:00 p.m. until 2:00 a.m. with a thirty (30) minute meal break.

42. During this time period, Plaintiff typically worked three (3) weekdays per week during approximately half of the time, and four (4) weekdays per week during the other half of the time.

43. Thus, during this time period, Plaintiff worked for an average total of approximately fifty-eight and one-fourths (58.25) hours per week.

44. Throughout Plaintiff's employment, Defendants did not track or otherwise record the number of hours that Plaintiff worked.

45. Throughout Plaintiff's employment, Defendants did not pay Plaintiff any wages for the hours she worked. Rather, Plaintiff only received tips from the Restaurants' customers.

46. Throughout her employment, Plaintiff received an average total of approximately $800.00 per week in tips.

47. While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to minimum wages, spread of hours pay, and overtime compensation.

48. However, throughout her employment, even when taking into consideration the tips that Plaintiff received, Plaintiff was not paid at least the applicable federal or New York State minimum wage rate for any hours worked.

49. Furthermore, despite routinely working more than forty (40) hours per week, Plaintiff was not paid overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the applicable minimum wage, whichever is greater, for the hours she worked over forty (40) per week.

50. Plaintiff also frequently worked shifts that spanned more than ten (10) hours per day, but was not paid spread of hours pay of one (1) additional hour's pay at the full minimum wage rate for every day in which her shift exceeded ten (10) hours ("spread of hours pay").

51. Defendants also failed to furnish to Plaintiff, at the time she was hired or at any time thereafter, a notice containing her rate of pay, the designated payday, or other information required by NYLL § 195(1).

52. Furthermore, Plaintiff did not receive, with each wage payment, a statement listing her regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

53. Defendants violated federal and state law by willfully failing to pay Plaintiff and similarly situated employees minimum wages and overtime compensation; failing to pay Plaintiff spread of hours wages; failing to timely pay Plaintiff her wages; and failing to provide Plaintiff with the required payroll notices and wage statements.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations Under the FLSA)*

54. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

55. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

56. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

57. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a week.

58. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

59. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are

8

entitled to additional damages equal to one hundred percent (100%) of the total wages due to them ("liquidated damages").

60. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
*(Overtime Violations Under the NYLL)*

61. Plaintiff repeats and realleges all prior allegations set forth above.

62. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

63. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

64. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay for each hour worked in excess of forty (40) hours in a week.

65. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

66. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

67. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Minimum Wage Violations Under the FLSA)*

68. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

69. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to the statutory minimum hourly wage for all hours worked.

70. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the statutory minimum wage for the hours they worked.

71. As a result of Defendants' violations of the law and failure to pay the Plaintiff and the FLSA Collective Plaintiffs the required minimum wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

72. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

73. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the Third Cause of Action in the amount of their respective unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION
*(Minimum Wage Violations Under the NYLL)*

74. Plaintiff repeats and realleges all prior allegations set forth above.

75. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to the statutory minimum wages for all of the hours she worked.

76. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff the statutory minimum wages for the hours she worked.

77. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

78. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

79. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of her unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION
*(Spread of Hours Violations Under the NYLL)*

80. Plaintiff repeats and realleges all prior allegations.

81. Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

82. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day during which Plaintiff's shifts spanned more than ten (10) hours.

83. By failing to pay Plaintiff spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

84. As Defendants did not have a good faith basis to believe that their failure to pay spread of hours wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

85. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of her unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION
*(Failure to Timely Pay Wages under the NYLL)*

86. Plaintiff repeats and realleges all prior allegations set forth above.

87. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid her earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

88. During the relevant period, Defendants failed to timely pay Plaintiff all of her earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

89. Throughout the relevant period, Defendants failed to timely pay Plaintiff all minimum, overtime, and spread of hours wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

90. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

91. As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

92. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
*(Failure to Provide Payroll Notices Under the NYLL)*

93. Plaintiff repeats and realleges all prior allegations.

94. Defendants failed to furnish to Plaintiff, at her time of hire or at any time thereafter, notices containing her rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; her regular pay day designated by the employer; and other information required by NYLL § 195(1).

95. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

96. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
*(Failure to Provide Wage Statements Under the NYLL)*

97. Plaintiff repeats and realleges all prior allegations.

98. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: her regular and overtime rates of pay and basis thereof;

13

the number of regular and overtime hours she worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

99. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

100. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all minimum wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) the Fifth Cause of Action for all spread of hours wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;

h) interest;

i) costs and disbursements; and

j) such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 20, 2021

    */s/ Nicola Ciliotta*
    Nicola Ciliotta
    Katz Melinger PLLC
    280 Madison Avenue, Suite 600
    New York, New York 10016
    Telephone: (212) 460-0047
    Facsimile: (212) 428-6811
    nciliotta@katzmelinger.com
    *Attorneys for Plaintiff*