UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                           :

CYNTHIA BATISTA,                 :

                        :           21-cv-8606 (JPO)

                  Plaintiff,  :

                        :             ORDER

          -v-            :

                        :

MADE IN MEXICO UPTOWN CORP., *et al*.,  :

                        :

                Defendants.  :

                        :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

      Plaintiff Cynthia Batista ("Batista") brings this action against Made in Mexico Uptown

Corp. ("MIM Uptown"), Made in Mexico Harlem Corp. ("MIM Harlem"), Henry Bourdier, and

Ismael Garcia (collectively, "Defendants") alleging violations of the Fair Labor Standards Act of

1938 and, 29 U.S.C. §§ 21 *et seq.* ("FLSA") and related state law claims under the New York

Labor Law §§ 190 *et seq.* & 650 *et seq.* ("NYLL").  Batista now moves for a default judgment.

(ECF Nos. 33, 34, 36.)  For the reasons that follow, the motion is granted.

## I.    Background

      The following background facts are taken from the Complaint.  (*See* ECF No. 1.)  Batista,

an employee of Defendants during the relevant time, is a New York state resident.  (ECF No. 1

¶¶ 5, 6, 18.)  The crux of Batista's allegations is that Defendants repeatedly, intentionally, and

willfully harmed her and those similarly situated via a pattern, practice, and/or workplace policy

of failing to pay their employees the applicable minimum wage for all hours worked, failing to

pay employees the applicable overtime wage rate for all hours worked over forty per week.

(ECF No. 1 ¶ 20.)

Batista worked for Defendants as either waitress or cashier from approximately April 2015 to July 2021.  (*See* ECF No. 1 ¶ 24.)  Throughout the course of her employment, Batista primarily worked at MIM Uptown, but for various periods (including for all of October 2018), she also worked at MIM Harlem, as assigned by Bourdier and/or Garcia. (*See* ECF No. 1 ¶¶ 27–28.)

Plaintiff alleges that throughout her entire "employment, Defendants did not pay Plaintiff any wages for the hours she worked.  Rather, Plaintiff only received tips from the Restaurants' customers," netting about "$800.00 per week in tips."  (ECF No. 1 ¶¶ 44–46.)  Plaintiff assesses that while at no time did Defendants keep records of her labor time (*see* ECF No. 1 ¶ 44), they also regularly failed to pay her at the required overtime wage rate for hours worked in excess of 40 per week, a frequent occurrence.  (ECF No. 1 ¶ 49.)  Plaintiff also alleges she was at no time adequately compensated for working in excess of 10 hours per day at the proper overtime wage rate.  (ECF No. 1 ¶ 50.)  The rate and average hours that Plaintiff alleges she worked during her approximately five years of employment by Defendants vary to some extent in a manner that is potentially notable but largely irrelevant to this default judgment order, but the average rates associated with three different periods of working life in New York are clearly and sufficiently alleged herein.  (*See* ECF No. 1 ¶¶ 27–30 (allegations of pre-COVID hours worked); ECF No. 1 ¶¶ 33–36 (allegations of post-COVID, before full New York City's "full" re-opening hours); ECF No. 1 ¶¶ 37–42 (allegations of post-New York City's full re-opening hours worked).)[1] Batista's employment relationship with Defendants terminated in July 2021.  (*See* ECF No. 1 ¶ 24.)  These computed averages are formulary and clearly articulated in the Complaint.

---

[1] Plaintiff also subtracted those months in which working in a restaurant was impossible due to the COVID-19 pandemic.  (*See* ECF No. 1 ¶ 33.)

On October 20, 2021, Batista filed this action. (*See* ECF No. 1.) Defendants MIM

Uptown and MIM Harlem were served by authorized corporate agent on October 22, 2021. (*See*

ECF Nos. 12, 13.) Individual Defendants Bourdier and Garcia were both served at least before

December 9, 2021. (*See* ECF Nos. 16, 17.) Plaintiff repeatedly sent letters to all four

Defendants, informing them that she intended to file for default judgment, but to no avail. (*See,*

*e.g.*, ECF No. 34 ¶ 8.) None of the four Defendants has filed an appearance with the Court, and

none have responded, answered, or replied in any way to the Complaint. On Batista's

application, the Clerk of the Court issued certificates of default against each Defendant on

February 4, 2022. (*See* ECF Nos. 27, 28, 29, 30.) On May 20, 2022, Batista moved for default

judgment against each Defendant. (ECF No. 33.) Almost a year later, due to inevitable delays of

judicial administration, the Court issued an order informing Batista that her motion for default

judgment had been deficient because both the local Southern District of New York Rules and

this Court's Individual Rules require a party moving for default judgment to serve that motion

and accompanying papers on the defaulting parties, but Plaintiff did not append proof of service

to her May 2022 motion. (*See* ECF No. 35.) On January 25, 2023, Plaintiff cured this defect,

serving either anew or for the second time these papers on Defendants – and starting the clock

for Defendants to respond. Defendants have not done so.

## II.    Discussion

A party "against whom a judgment for affirmative relief is sought" is in default when it

"has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). As a "default is an admission of

all well-pleaded allegations against the defaulting party . . . a district court must accept as true all

of the factual allegations of the non-defaulting party and draw all reasonable inferences in its

favor." *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y.

3

2014).  Nonetheless, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law."  *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).  "[A] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability."  *Id.* (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)).  A court may "issue an injunction on a motion for default judgment upon a showing by the moving party that it is entitled to injunctive relief under the applicable statute, and that it meets the prerequisites for the issuance of an injunction." *United States v. Thomas*, No. 18 Civ. 1104, 2019 WL 121678, at *6 (E.D.N.Y. Jan. 7, 2019) (quoting *Kennedy v. Medgen, Inc.*, No. 14 Civ. 5843, 2016 WL 6585812, at *5 (E.D.N.Y. Apr. 19, 2016)).

While the Complaint sought injunctive and monetary relief, Plaintiff only seeks default judgment as to monetary relief (ECF No. 34 ¶¶ 49–54) and attorney's fees (ECF No. 34 ¶¶ 55–61.)  The Court concludes that based on the well-pleaded allegations in Batista's Complaint, the Defendants' liability has been established as a matter of law and that Batista is entitled to the relief that she seeks.  As explained in Plaintiff's Motion, Plaintiff specifically assesses that she is entitled to a judgment in the amount of $325,558.75 based on conceded allegations about (i) the frequency and hours of Plaintiff's work and (ii) the lack of compensation proffered by any Defendant.  (*See* ECF No. 34 ¶ 60.)  Additionally, Plaintiff seeks $3,679.00 in costs and reasonable attorney's fees.  (*See id.*)  These amounts are established and summed based on plugging the uncontested allegations from the Complaint into fixed formulas.  The Court is satisfied that Plaintiff has adequately and correctly calculated her damages.  (*See* ECF No. 34 ¶¶ 11–48.)

4

### III.    Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED.  Batista shall be awarded judgment against Defendants Made in Mexico Uptown Corp., Made in Mexico Harlem Corp., Henry Bourdier, and Ismael Garcia in the amount of:

- $325,558.75, plus prejudgment interest at 9% per year from August 26, 2018 (the midpoint of Plaintiff's employment with Defendants), to the date of judgment; plus

- $3,679.00 in costs and reasonable attorney's fees.

The Clerk of the Court is directed (1) to close the motion at ECF Number 33; (2) to enter judgment according to the above; and (3) to mark this case as closed.

SO ORDERED.

Dated:  February 22, 2023
        New York, New York

_____
        J. PAUL OETKEN
        United States District Judge

5